Eric D. Virshbo, OSB#021078
MacMILLAN, SCHOLZ & MARKS, P.C.
900 SW Fifth Avenue, Suite 1800
Portland, OR 97204
Phone: (503) 224-2165
Fax: (503) 224-0348
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALASKA NATIONAL INSURANCE COMPANY, an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation; UNITED STATES OF AMERICA, BONNEVILLE POWER ADMINISTRATION, DEPARTMENT OF ENERGY,<br><br>Defendants. | Case No.:<br><br>COMPLAINT<br>(Negligence; Premises Liability)<br><br>CLAIM SUBJECT TO MANDATORY ARBITRATION<br><br>Prayer: $26,096.89<br>ORS 21.160(1)(b) |

Plaintiff for its CLAIM FOR RELIEF against defendants, alleges:

JURISDICTION AND VENUE

//

//

//

Page 1 – COMPLAINT

1.

This court has original jurisdiction of this claim pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. 1346(b) in that this is a civil action on a claim against the United States for money damages for personal injury.

2.

On or about September 14, 2017, a claim was filed with Bonneville Power Administration on behalf of Plaintiff; the Department of Energy failed to finally resolve the claim within six months after its submission, and this suit was commenced within six months of the denied claim. Plaintiff received a denial letter dated February 5, 2018 from attorney Paul F. Mautner, of the Department of Energy.

3.

Venue for this action is proper in this Judicial District under 15 U.S.C. 1319 by reason that the subject incident occurred within Morrow County, within this Judicial District.

PARTIES

4.

At all times material hereto:

A)   The Bonneville Power Administration (hereinafter "BPA") is a duly organized federal agency and is a division of the United States Department of Energy.

B)   The BPA operate in the State of Oregon and its principal place of business is 905 NW 11th Avenue, Portland, OR, Multnomah County.

C)   Portland General Electric (hereinafter "PGE") is an Oregon corporation, duly authorized to do business as an electric utility company in the State of Oregon.

D)   PGE operates in the State of Oregon and its principal place of business is 121 SW Salmon St., Portland, OR, Multnomah County.

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW 5TH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

E)  The United States of America by and through the BPA was the owner of the generating station at issue in this complaint.

F)  The operator of the aforementioned BPA generating station was PGE, by and through a Large Generator Interconnection Agreement.

G)  Plaintiff was the insurer of Apollo Sheet Metal, Inc. (hereinafter "Apollo") who contracted with PGE to do work on the aforementioned BPA generating station.

## STATEMENT OF FACTS

5.

On or about September 27, 2016, James Healy and Adam Winburn were working as maintenance, repair, and renovation employees in the course and scope of their employment with Apollo at the Carty Generating station in Boardman, Oregon (hereinafter "the Station"). While working on the Penthouse Deck at the Station, Mr. Healy and Mr. Winburn were seriously injured when an event under the control of the BPA and triggered by PGE caused several unexpected high velocity pressure releases at the station seeming like severe explosions.

6.

As a direct and proximate result of these releases, Mr. Healy and Mr. Winburn suffered the following personal injuries, some of which may be permanent: hearing loss and post-traumatic stress disorder. Treatment of these injuries necessitated extensive medical treatment.

7.

Prior to the incident set forth above, plaintiff had issued to Apollo, as its insured, a policy of workers' compensation insurance. Pursuant to the terms of the aforementioned insurance policy, plaintiff was obligated to pay, and did pay, workers' compensation benefits in the sum of $26,096.89, consisting of $2,345.29 in medical expenses and $964.85 in indemnity to, or on behalf of, Mr. Healy, and $11,971.09 in medical expenses and $10,815.66 to, or on behalf of, Mr. Winburn. The sums paid by plaintiff were reasonable, necessary, and a direct result of the

Page 3 – COMPLAINT

aforementioned pressure releases. Plaintiff is hereby subrogated pursuant to ORS 656.591 to all rights of its insured against defendant to the extent of its payments.

## FIRST CLAIM FOR RELIEF

(Common-Law Negligence)

8.

Plaintiff hereby incorporates paragraphs 1 through 7 above.

9.

BPA and PGE (collectively "Defendants") were negligent in one or more of the following particulars:

    (a)    In failing to maintain a safe work premise;

    (b)    In failing to inspect the Station for any potential high velocity pressure releases;

    (c)    In failing to have electricity at the Station turned off while Apollo employees were working;

    (d)    In failing to warn Mr. Healy and Mr. Winburn of the potential pressure release hazards posed by working on the Station;

    (e)    In failing to provide proper supervision and control of the Station and work being done thereon.

10.

As a reasonably foreseeable result of defendants' negligence, plaintiff was obligated to pay damages to its insured as set forth above in Paragraph 7 above.

## SECOND CLAIM FOR RELIEF

(Oregon Employers Liability Law)

11.

Plaintiff hereby incorporates paragraphs 1 through 10 above.

Page 4 – COMPLAINT

12.

On or about September 27, 2016, the work being performed by Mr. Healy and Mr. Winburn, as described in paragraph 5 above, involved risk or danger.

13.

At all material times herein, Defendants, and each of them, maintained a right of control or exercised actual control over the Station, including generation of electricity and the work being performed by Mr. Healy and Mr. Winburn.

14.

Pursuant to Oregon Law, ORS 654.305, Defendants, and each of them, were required to "use every device, care and precaution that is practicable to use for the protection and safety of life and limb…without regard to…cost."

15.

Defendants, and each of them, failed to use the device, care and precaution listed in paragraph 14 above, in one or more of the particulars set forth in paragraph 9.

16.

Mr. Healy and Mr. Winburn are in the class of people meant to be protected by ORS 654.305, as indirect employees of PGE and BPA.

17.

The harm to Mr. Healy and Mr. Winburn is of the kind that the statute was intended to prevent.

18.

As a result of defendants' failure to use this care and precaution, Mr. Healy and Mr. Winburn sustained the injuries set forth in paragraph 6, and plaintiff sustained economic damages as set forth in paragraph 7.

**THIRD CLAIM FOR RELIEF**

Page 5 – COMPLAINT

(Premises Liability)

19.

Plaintiff hereby incorporates paragraphs 1 through 10 above.

20.

Mr. Healy and Mr. Winburn were business invitees of defendant BPA.

21.

As occupier and/or owner of the Station, defendant had a duty to make the premises reasonably safe for Mr. Healy and Mr. Winburn's visit and to exercise reasonable care to discover any condition that created an unreasonable risk of harm to Mr. Healy and Mr. Winburn.

22.

Defendant was negligent in one or more of the following particulars:

    (a)    In failing to eliminate the dangerous condition of the potential for unexpected high velocity pressure releases; and

    (b)    In failing to warn Mr. Healy and Mr. Winburn of the dangerous condition of potential pressure releases posed by working on the Station.

23.

As a reasonably foreseeable result of BPA's negligence, plaintiff was obligated to pay damages to its insured as set forth above in Paragraph 7 above.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

(a) For plaintiff's First Claim for Relief, the sum of $26,096.89;

(b) For plaintiff's Second Claim for Relief, the sum of $26,096.89;

(c) For plaintiff's Third Claim for Relief, the sum of $26,096.89;

(d) For plaintiff's costs and disbursements incurred herein, and such other relief as the Court deems proper.

Page 6 – COMPLAINT

DATED: July 31, 2018.                MacMILLAN, SCHOLZ & MARKS, P.C.


                                     By:  /s/ Eric D. Virshbo
                                         ERIC D. VIRSHBO, #021078
                                         E-mail: evirshbo@msmlegal.com
                                         Of Attorneys for Plaintiff